



FILED
OCT - 4 2010
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>TRINISHA DANIEL TURTURICI and DAVID ANTHONY TURTURICI,<br><br>        Debtor(s).<br>_____<br>DAVID ANTHONY TURTURICI and TRINISHA DANIELLE TURTURICI,<br><br>        Plaintiff(s),<br><br>v.<br><br>NATIONAL MORTGAGE SERVICING, LP,<br><br>        Defendant(s).<br>_____ | Case No. 09-31406-C-7<br><br>Adversary No. 09-2462 |

**MEMORANDUM DECISION ON REMAND**

This court's order dismissing this adversary proceeding pursuant to an abstention, 28 U.S.C. § 1334(c)(1), was reviewed on appeal by the United States District Court for this district. By order entered August 12, 2010, the district court "reversed" because this court did not consider the twelve factors mentioned by the Court of Appeals for the Ninth Circuit in <u>Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)</u>, 912 F.2d 1162, 1167 (9th Cir. 1990). Accordingly, the district court remanded

to revisit abstention viewed through the matrix of the items named in <u>Tucson Estates</u>.

There is no need for further argument or further presentation by the parties because the record was complete at the time the court made its initial abstention decision, and it is merely the articulation of the reasons through the <u>Tucson Estates</u> list that is needed. This court easily can perform that task without further proceedings or briefs.

The precise precedential status of <u>Tucson Estates</u>, however, should be noted because it is unusual. As the district court mentioned, this court itself had noted the existence of the <u>Tucson Estates</u> analysis in its decision <u>Fidelity Nat'l Title Ins. Co. v. Franklin (In re Franklin)</u>, 179 B.R. 913, 928 (Bankr. E.D. Cal. 1995). The <u>Franklin</u> decision was issued March 31, 1995, approximately eight months before the Supreme Court decided <u>Things Remembered, Inc. v. Petrarca</u>, 516 U.S. 124 (1995), in which it held that a court of appeals lacks jurisdiction to entertain questions of remand under 28 U.S.C. §§ 1443(d) and 1452(b)(bankruptcy abstention). A substantially identical prohibition on court of appeals exists in 28 U.S.C. § 1334(c)(1). Thus, <u>Things Remembered</u> and the Ninth Circuit's decision in <u>Eastport Assocs. v. City of Los Angeles (In re Eastport Assocs.)</u>, 935 F.2d 1071, 1075-79 (9th Cir. 1991), constitute court of appeals decisions rendered without jurisdiction. Accordingly, the status of those decisions as fixing the law of the Ninth Circuit is open to question because the court of appeals has no authority to review bankruptcy remand and discretionary abstention decisions.

A second development since the time of the <u>Tucson Estates</u> and <u>Eastport</u> decisions is that Federal Rule of Bankruptcy Procedure 5011 was amended to eliminate the requirement that the bankruptcy court make a report and recommendation to the district court in an abstention matter.

Since 1995, the <u>Tucson Estates</u> considerations have generally fallen into disuse, it being recognized that such lists of factors have a meretricious tendency of beguiling parties into a sense that a numerical count of the factors will yield the answer. Nevertheless, the district court is entitled in a review of discretionary review, 28 U.S.C. § 1334(c)(1), to require that the <u>Tucson Estates</u> factors be expressly addressed. The court understands the district court's order to impose such a requirement.

Addressing the <u>Tucson Estates</u> list yields the conclusion in this case that discretionary abstention under § 1334(c)(1) was appropriate.

The first consideration is the effect or lack thereof on the efficient administration of the bankruptcy estate. This factor favors abstention. The litigation between the parties will have no effect on the bankruptcy estate. Rather, it is between the individual debtors and National Mortgage Servicing.

Second, the extent to which state law issues predominate over bankruptcy issues favors abstention. No bankruptcy issue is involved.

Third, the difficulty or unsettled nature of the applicable law also favors abstention because a dispute governed exclusively by state law is not an area of substantial controversy in the

context of the mortgage foreclosure crisis.

Fourth, the presence of a related proceeding commenced in the state court also favors abstention. There is a pending proceeding. Although unlike mandatory discretion under § 1334(c)(2), discretionary abstention under § 1334(c)(1) does not require that there be a parallel proceeding in state court, there is a parallel state court proceeding.

Fifth, the jurisdictional basis for entertaining the dispute between the parties is founded exclusively on § 1334. There is no other basis for federal jurisdiction, which consideration also favors abstention.

Sixth, the degree of relatedness or remoteness of the proceeding to the bankruptcy case also favors abstention. The outcome will have no effect upon the main bankruptcy case.

The seventh consideration also favors abstention because the substance of the dispute is not a core proceeding.

The eighth factor favors abstention because the only claims are state law claims. Thus, the potential to sever state law claims from core bankruptcy matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court does not exist.

The ninth factor also favors abstention because the burden on the bankruptcy court's docket would be considerable in that a multi-day trial in an environment in which the bankruptcy judges of this district are severely overworked according to pertinent judicial statistics makes entertaining a dispute that does not affect the bankruptcy case a substantial, and unnecessary, burden.

Tenth, the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties also favors abstention.  The plaintiffs apparently consider the bankruptcy court to be a friendlier forum as evidenced by the filing of the instant complaint at a time that they had a state court proceeding pending.

The eleventh factor favors abstention because any jury trial would be more efficiently handled in state court instead of before a United States District Judge.

The twelfth consideration also favors discretionary abstention.  This is a dispute between the debtors and nondebtor parties.

Accordingly, each <u>Tucson Estates</u> consideration favors abstention.  This court remains persuaded that discretionary abstention under § 1334(c)(1) is appropriate and adheres to the view that the adversary proceeding should be dismissed.

An appropriate order will issue.

Dated: October    , 2010.

_____
UNITED STATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

David Anthony Turturici
5480 Dewey Dr #150-132
Fair Oaks, CA 95628

Jeremy M. Jessup
3638 American River Dr
Sacramento, CA 95853

Dated: 10/5/10

DEPUTY CLERK

SWAS